UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JASON TERPSTRA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF LOS ANGELES, DEPUTY JOSE PEREZ, in his individual and official capacity, DEPUTY ANTHONY DURAN, in individual and official capacity, AND DOES 1 THROUGH 15, inclusive,<br><br>　　　　Defendants. | CASE NO. 12-06354 GAF (JCGx)<br><br>**[PROPOSED] ORDER GOVERNING DISCLOSURE OF CONFIDENTIAL MATERIAL** |

Having reviewed and considered the Stipulation Governing Court Ordered Disclosure of Confidential Material, good cause having been shown pursuant to Rule 26(c) of the Federal Rule of Civil Procedure, IT IS ORDERED that the confidential material disclosed by Defendants during the discovery in this action is protected as follows:

1.　Defendant COUNTY OF LOS ANGELES shall provide to Plaintiff's counsel documents and things which have been designated as confidential by defendants and defendants' counsel. For the purpose of this stipulation and order,

HOA.955812.1

[PROPOSED] ORDER RE: DISCLOSURE OF CONFIDENTIAL MATERIALS

-1-

12-06354 GAF (JCGx)

"CONFIDENTIAL" documents shall be limited to documents disclosed by Defendants related to the personnel files of Jose Perez and Anthony Duran.

2.  Confidential documents, as designated by defendants and defendants' counsel for the purposes of this stipulation, shall be designated by stamping copies of the document "CONFIDENTIAL." Stamping "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated. The "Confidential Stamp" shall not block out or obliterate any document.

3.  As a condition of receiving such documentation, Plaintiff's counsel shall personally safeguard and keep confidential in their possession, all copies of the information provided by the County of Los Angeles marked CONFIDENTIAL, and all copies are to be used only for the purposes set forth below, and only for the case of *Jason Terpstra v. County of Los Angeles, et al.*, CV 12-06354 GAF (JCGx), and for no other purpose.

4.  Under no circumstances shall Confidential material either orally, or by written form, be imputed into any computer program or database or listed in any manual, notebook or other listing as it pertains to law enforcement personnel. However, this does not preclude scanning said documents so that they can be utilized for this particular case, including for trial purposes as trial exhibits in compliance with Local Rules.

5.  Confidential material shall be used only for the prosecution and/or defense of the case of *Jason Terpstra v. County of Los Angeles, et al.*, CV 12-06354 GAF (JCGx), or any appeal therefrom, and not for any business or other purpose. Under no circumstances other than those specifically provided for in this or subsequent court orders, or other than with the explicit consent in writing of the producing party with respect to specifically identified Confidential Material, shall Confidential Material or its contents in any way whatsoever be revealed, disclosed,

or otherwise made known to persons other than the following:

    (a)    Counsel of record for parties that have appeared in this action, and the regular, paid employees of such counsel but only to the extent disclosure is necessary in connection with the representation of Plaintiff.  Plaintiff's counsel will ensure its staff and employees are aware of the protective and will abide by its terms.

    (b)    Experts or consultants retained in good faith to assist counsel of record in the prosecution and/or defense of this action or any appeal filed herein, but only to the extent disclosure is necessary in connection with such retention and only after such expert has confirmed his or her agreement to be bound by the terms of this Protective Order by signing a Protective Order agreeing to same; However, there is no obligation for the parties to provide a copy of the signed protective order to the other side as consultants are protected by the work product doctrine.  Instead, the parties agree that a representation of the opposing counsel that consultants have signed the order is sufficient until said time that expert disclosure is required by law or order.

    (c)    Court reporters and/or videographers who record testimony taken in the course of this litigation but only to the extent disclosure is necessary in connection with such recording and only after such reporter has confirmed his or her agreement to be bound by the terms of this Protective Order by signing a Protective Order agreeing to same;  it is recognized that in the production of videotapes and/or depositions, various individuals are often involved in the process and that it will be impossible for counsel

          to obtain signatures of all such administrative helpers, thus only the reporter and videographer at the deposition need to sign this.

    (d)    Witnesses, deposed in this action or who appear at trial and/or any hearing in this action, but only to the extent disclosure is necessary for relevant questioning in connection with such deposition or hearing, and only after such witness has confirmed his or her agreement to be bound by the terms of this Protective Order by signing a Protective Order agreeing to same; However, if a witness refuses to sign a protective order that does not foreclose the deposing party from gathering the information. Instead, the parties agree they may, upon proper notice to the other party, apply ex parte for relief and that the witness will appear for a second session of his/her deposition. Should a second deposition be ordered, Counsel unnecessarily causing such shall be responsible for the court reporter costs of the additional deposition.

6.    In the event a permitted individual, as defined by paragraph (a)-(d), does not consent to be bound by this Protective Order, no disclosure of Confidential Information will be made to such individual. Plaintiff's/Defendants counsel shall be responsible, where reasonable, for the failure of any third party to comply with the terms of this Order. However, only the party that actually violates this order may be subject to punishment in the form of sanctions or contempt motions.

7.    Any counsel, expert, consultant or investigator retained by counsel for any party to this case shall not refer to Confidential Information in any other court proceeding subject to further order of this court, unless said information was already made public in trial or appellate hearings or unless this Order has been modified to allow it.

8. This Protective Order, and the obligations of all persons thereunder, including those relating to the disclosure and use of Confidential Information, shall survive the final termination of this case, whether such termination is by settlement, judgment, dismissal, appeal or otherwise, until further order of the court.

9. Nothing in this Protective Order is intended to prevent officials or employees of the Los Angeles County Sheriff's Department, individual Deputy Sheriffs, or other authorized individuals from having access to Confidential Information to which they would have had access in the normal course of their duties.

10. Plaintiff's and Defendants counsel shall not cause, and shall take reasonable efforts to protect against disclosure of the contents of the confidential information received from the County of Los Angeles or plaintiff beyond the disclosure permitted under the terms and conditions of this Protective Order, including but not limited to, all news and entertainment media and any social media or internet site.

11. If confidential material is included in any papers to be filed in Court, such papers shall be labeled "Confidential – Subject to Court Order" and filed under seal until further order of the Court.

12. There shall not be any limitations on the use of any documents marked confidential in a trial or other court proceeding after a court order permitting the admissibility and/or publishing of said document.  Once ordered admissible, the parties may not prevent the use of said confidential information in trial for example, even if there are members of the public or the media in the Court during trial.  It is recognized the Courts are public forums.  Nothing in this confidentiality order shall be used to limit the ability of any party to use the confidential documents in a trial as exhibits, for direct exam, cross exam, opening statement, closing argument or any other Court process.  If any members of the media report on that information, the

attorneys are not subject to any repercussions for the disclosure of such information in the press. Further, all such documents may be used for an appeal as well, without the attorneys violating this order. Further, once the Court orders a confidential document admissible, counsel for Defendant agrees to provide a "clean" copy to Plaintiff without the "confidential" stamp within three working days or as ordered by the Court. "Clean" copies may be used as trial exhibits.

13. The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

14. Upon termination of the judicial process in this case, Plaintiff's counsel shall return to counsel for defendants all documents and material designated as confidential and all copies of same. All confidential information received from Defendants is to be deleted from all files, databases, etc., in the possession of Plaintiff's counsel's office.

15. Any party can challenge the designation of a document as confidential. If there is such a challenge, it will be ruled upon by the Court. The party claiming a document is confidential has the burden of demonstrating it is confidential.

16. If a party believes another party has violated this Protective Order, they may advise the Court of said violation, seeking the legal remedies available by law and that the Court deems are proper after a full hearing on the subject.

IT IS SO ORDERED

DATED: February 20, 2013_____

_____
HON. JAY C. GANDHI
United States Magistrate Judge

HOA.955812.1

[PROPOSED] ORDER RE: DISCLOSURE OF CONFIDENTIAL MATERIALS

-6-

12-06354 GAF (JCGx)